## Commonwealth v. Branchaud

*Rackwell O'Sheill*, for appellant.
*Samuel Bonavita*, contra.

WOLFE, *J.*, January 3, 1975—Defendant has appealed from his conviction before the magistrate for violation of section 1508 of the Warren County Zoning Ordinance of 1965 controlling abandoned vehicles which provides:

"No motor vehicles, trucks or buses shall be abandoned, scrapped or junked on a property in any district except that a total of two motor vehicles, trucks or buses may be abandoned, scrapped, or junked if concealed from public view."

Section 1801 of the ordinance defines abandoned motor vehicles as:

"A car, truck or bus without current state inspection tags."

The Commonwealth does not argue defendant is operating a non-conforming body repair shop at 101 Jamestown Street in the Borough of Sugar Grove which he acquired on December 23, 1967. This business includes repairing, inspecting and general mechanical and body work on vehicles. Defendant acquired the business from his predecessor, who also operated it as a body shop.

It is the Commonwealth's position that, notwithstanding there is a non-conforming use, this does not permit defendant to violate the ordinance by leaving junk cars about the premises in violation thereof.

Defendant's position is two-fold: the Commonwealth has failed to prove beyond a reasonable doubt defendant has, in fact, abandoned any vehicles and, second, the definition of an abandoned vehicle is unconstitutional and as especially

applied to defendant's business because of the nature thereof.

We think the issue becomes one of incidental use of motor vehicles in relation to a legal business. There can be no doubt, and defendant admits, his place of business is unsightly and distracting and this makes it especially so since it is located within the borough and the borough council has received numerous complaints of this situation. Nonetheless, the evidence does not conclude defendant's conduct has evidenced an intent to abandon any vehicles, irrespective of whether or not he is the title owner thereof. As a fact, the ordinance does not require one to be the title owner, but it does require that the vehicles be abandoned, scrapped or junked. The Commonwealth's major effort to show a violation was based on three photos placed into evidence and the testimony was that the cars had been positioned at the garage area for a length of time to permit vegetation to grow on the door handles on the vehicles. From a review of the photos, we cannot determine explicitly whether any of the vehicles depicted therein were, in fact, abandoned or would be considered scrapped or junked vehicles. One operating a repair garage necessarily has parts used in conjunction with the subject matter being repaired. The zoning officer did not discuss the activities of defendant with him at any time and was not, according to the evidence, physically on the premises except to take the photographs from a distance.

Defendant testified that in 1974 he processed 240 sticker inspections and he also identified three cars in the photos that belonged to tenants who parked the vehicles near his garage. He stated that from April through September of 1974 400 cars would pass through his premises for different reasons.

We acknowledge it is difficult for the respective municipalities to police businesses of this nature but we are of the opinion it is for the legislature to adopt proper methods to regulate activities such as this nature which are repugnant to other citizens.

As to the second issue raised by defendant, we are of the opinion that section 1801 of the Zoning Ordinance is unconstitutional and we so hold. The Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, art. I, secs. 101, et seq., 53 PS §10101, granted the counties the power to enact zoning ordinances which may permit and determine the uses of land. This power has been generally recognized under the broad heading of "police power" and is founded in the right of a municipality to enact constitutional ordinances as an inherent power of government to promote the order, safety, health, morals and general welfare of a society. This police power cannot be arbitrarily and confiscatorily applied. A flat and general declaration by a zoning ordinance that, an abandonment of a motor vehicle has been perfected simply because it is without a current state inspection tag is arbitrary and has no reasonable relation to the public health, safety or welfare. Intrinsic in the definition of the word "abandonment" at the common law as applied to personal property is the element of intent. There must be the physical act of abandonment, that is, the voluntary act of leaving or placing the goods or article beyond control and the intent of the owner permanently to give up any claim thereto. See 1 Am. Jur. 2d, Abandoned, Lost, etc., §3. The definition of an abandoned motor vehicle under section 1801 has no relationship whatsoever to the owner's use or intended abandonment of his property. We can readily conceive many circumstances where a motor vehicle would not bear a

current state inspection sticker or license plates and the owner certainly would have no intent of giving up his ownership for that reason alone. The obvious purpose of section 1508 is to prohibit junked or scrapped vehicles that have, in fact, been "abandoned" from desecrating the countryside and certainly this is a valid purpose and has a reasonable relationship to the public welfare and safety. On the other hand, an owner should not be deprived of his vehicle because of his inadvertence to obtain a current state inspection tag or, even if intentionally, he has no reason to operate his vehicle upon a public highway. The purpose of the inspection tags, or inspection stickers, is to assure that the vehicle may be safely operated upon a public highway and not in any sense to indicate abandonment if it does not bear such a sticker.

For the foregoing reasons we hold the Commonwealth has not met its burden of proof and we enter the following order:

## ORDER

And now, January 3, 1975, defendant is found not guilty as charged.